**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **AL DAVIS PETROVICH,**<br>Plaintiff**,**<br>vs.<br>**OCWEN LOAN SERVICING, LLC, ET AL.,**<br>Defendants**.** | CASE NO. 18-cv-01673-YGR<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 3 |

On March 19, 2018, *pro se* plaintiff Al Davis Petrovich filed an ex parte application for a temporary restraining order that would prevent the foreclosure sale of real property in which he claims interest, located at 1231 Eeloa Ave., Rio Dell, California, 95562. (Dkt. No. 3 ("TRO Motion").) This case was subsequently reassigned to this Court on March 20, 2018. According to plaintiff's TRO Motion, the foreclosure sale was scheduled for the same day he filed his motion, on March 19, 2018, at 10:00 a.m. (TRO Motion at 3.)

Plaintiff's TRO Motion suffers from a number of deficiencies. First, defendants have not yet appeared in the case, and there is no indication that they have been served with the complaint or plaintiff's TRO Motion. Plaintiff also did not file a declaration establishing good cause for his apparent failure to provide timely notice of the TRO Motion to defendants. *See* Fed. R. Civ. P. 65(b)(1); N.D. Cal. Civ. L.R. 65-1(b). In light of these procedural failings, denial of the request is warranted. *See Wofford v. Hamilton*, No. C 13-2467 SBA, 2013 WL 2456582, at *2 (N.D. Cal. June 6, 2013) (noting a *pro se* plaintiff's "failure to satisfy the requirements for the issuance of an ex parte TRO, standing alone, warrant [sic] the denial of her ex parte motion for TRO").

Even if plaintiff had complied with all procedural requirements, there is no showing in plaintiff's TRO Motion that explains why plaintiff waited until the day of the alleged foreclosure sale to seek injunctive relief. Plaintiff states that "[f]rom 2013 on[,] Ocwen Loan Servicing, LLC

('Ocwen') has . . . threatened to foreclose on Plaintiff's home." (TRO Motion at 2.) However, nowhere in the record is there any information pertaining to any notice of trustee's sale setting the purported sale date of March 19, 2018, and "the Court [is] unable to grant relief without a notice of sale or other documentation showing the trustee's sale of the Subject Property is scheduled to take place . . . ." *Taimani v. Residential Mortg. Loan Trust 2013-TT2*, No. 16-cv-02992-YGR, 2016 WL 9175877, at *2 (N.D. Cal. June 7, 2016). California law requires that such notice of sale be given at least 20 days in advance of the sale. *See* Cal. Civ. Code § 2924.8(a)(1). Plaintiff does not allege there was any defect with any such notice or explain why he waited until the last possible moment to attempt to block the alleged sale.

Moreover, plaintiff does not cite or comply with the correct standard for issuance of a temporary restraining order. Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. *See New Motor Vehicle Bd. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n. 2 (1977); *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001). Preliminary injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, is an "extraordinary and drastic remedy," that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008) (internal quotation marks omitted). A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008). Alternatively, the plaintiff may demonstrate that "serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1052 (9th Cir.2010) (citing *Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir.2008)), "so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest," *id*. at 1053. Plaintiff does not adequately justify his request for a temporary restraining order under the standard of either *Winter* or *Cottrell*.

\\

\\

1 | For the foregoing reasons, plaintiff's TRO Motion is hereby **DENIED**.

2 | This Order terminates Docket Number 3.

3 | **IT IS SO ORDERED.**

Dated: March 21, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**